DUKE, APPELLANT, *v.* SANYMETAL PRODUCTS CO., INC., ET AL., APPELLEES.

[Cite as Duke v. Sanymetal Products Co. (1972), 31 Ohio App. 2d 78.]

(No. 31336—Decided August 3, 1972.)

*Messrs. Berger, Kirschenbaum & Lambros* and *Mr. Harvey Labovitz,* for appellant.

*Mr. James L. Malone,* for appellee Sanymetal Products Co., Inc.

JACKSON, J. This case comes here on appeal from a summary judgment decision entered by the Common Pleas Court against the plaintiff-appellant, Solomon Duke, and in favor of one of the defendants, Sanymetal Products Company, Inc.

The appellant, Solomon Duke, sued Sanymetal Products Company, Inc. to recover damages caused by the alleged negligence of one of its employees, Robert Kotnik. Kotnik had delivered a shipment of Sanymetal merchandise to a customer, Keller-Silver Construction Corporation, for whom the appellant worked. The appellant was injured as he helped Kotnik unload the shipment.

The appellant's theory of recovery is *respondeat superior.* One of the essential material facts that he must establish is that Kotnik was acting at the time of the injury as a servant of appellee within the scope of his em-

ployment. *Miller* v. *Metropolitan Life Insurance Co.* (1938), 134 Ohio St. 289. As an affirmative defense, the appellee pleaded that Kotnik was acting in the capacity of an independent contractor at the time of the injury; thus, the *respondeat superior* doctrine theoretically would not apply. *Id.* at 291.

To sustain its position several officials of the appellee were deposed as to the dual capacity that Kotnik supposedly served at the company—that of an employee in the shipping department and that of an independent contractor hired to deliver goods to local customers. This deposition was filed with the appellee's motion for summary judgment. The trial court granted the motion and this appeal followed.

## I.

The appellant claims two prejudicial assignments of error were committed by the trial court.

1. That defendant was not entitled to a summary judgment as a matter of law because there existed a genuine issue of material fact on which reasonable minds could differ.

2. That the court abused its discretion in granting defendant's motion for summary judgment.

Both assignments of error are well taken and will be considered and discussed together.

Summary judgment is a procedural device for terminating litigation which, if permitted to run its full course, would leave nothing for the trier of fact to resolve. As stated with stark simplicity in Rule 56(C), Rules of Civil Procedure, the scope of the court's inquiry at this stage is narrowly confined to whether there is any genuine issue of material fact. The court cannot try any issues of fact, except insofar as it is required to view the inferences to be drawn from the underlying facts in the light most favorable to the party opposing the motion. *American Mfgs. Mut. Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc.* (2d Cir. 1967), 388 F. 2d 272, 279.

It has been observed that there is no simple litmus test for determining whether a material issue of fact is

presented. *American Mfgs. Mut. Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc., supra.* Obviously, one is presented where the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. But even if the underlying evidence is undisputed, a court may nevertheless be warranted in holding that a genuine issue of fact is presented. It has been frequently held that "the presence of competing reasonable inferences from undisputed facts presents a genuine issue of material fact whose resolution should be left to the trier of fact." *Franklin Nat'l. Bank* v. *L. B. Meadows & Co.* (E. D. N. Y. 1970), 318 F. Supp. 1339, 1344; *see American Mfgs. Mut. Ins. Co.* v. *American Broadcasting-Paramount Theatres, Inc., supra; Washington Post Co.* v. *Keogh* (D. C. Cir. 1966), 365 F. 2d 965, 967; *S. J. Groves & Sons Co.* v. *Ohio Turnpike Comm'n* (6th Cir. 1963), 315 F. 2d 235, 237. A genuine issue might also arise where the facts presented in the moving papers are uncertain or indefinite; in other words, the picture that is painted in the moving papers either is clear, but incomplete, or is obscured by imprecise facts. *Braniff* v. *Jackson Ave.-Gretna Ferry, Inc.* (5th Cir. 1960), 280 F. 2d 523, 526-28.

## II.

A vital material issue in this case and one on which the summary judgment motion focused is whether Albert Kotnik was acting in the capacity of a servant or as an independent contractor at the time of the mishap. For several reasons we believe the lower court erred in holding that there was no genuine issue as to Kotnik's employment status.

Although there are inherent dangers in making broad generalizations about the law, it is perhaps not too objectionable to say that one's legal status in relation to his employer most often turns on the facts and circumstances of each case. *Magarian* v. *Southern Fruit Distrib.* (1941), 146 Fla. 773, 1 So. 2d 858. For the varieties of master-servant and employer-independent contractor relationships are as endless as man's imagination. Thus, there is no magic talisman for determining one's employ-

ment status. Appellee correctly notes that the basic test is whether the employer has the right of control over the manner and means of the work being done. But control may be manifested in a multitude of ways. *See Gillum* v. *Industrial Comm'n*. (1943), 141 Ohio St. 373, 374-75; Restatement (Second) of Agency Sec. 220(2) (1957). And, as *Gillum* noted, all indicia of the employment relationship in a given case must be assessed together as a whole (141 Ohio St. at 375). It is particularly appropriate therefore that the trier of facts make this assessment by viewing all the surrounding circumstances together, weighing the significance of each indicium of control, and drawing what it believes to be the most reasonable inferences. *See* Restatement, *supra*, Sec. 220, comment *c*.

The record before us presents facts that do indicate an independent contractor relationship: Kotnik owned the delivery truck, he serviced and maintained it, he provided the insurance on the truck, and he was paid separately for his deliveries apart from his regular paycheck. But there are facts which weigh in favor of master and servant relationship: Kotnik was a full-time employee in the appellee Company Shipping Department; appellee in the past had employed individuals for delivering goods in company trucks, and Kotnik himself had been making deliveries from the beginning of his association with the appellee Company. Further, there was no separate written agreement between Kotnik and the appellee Company pertaining to freight operations. Finally, fact finders could infer from the somewhat vague statements of the deponent Richard Srp that the Company foreman had the right to control the times when Kotnik made his deliveries. Because these facts allow for competing inferences, they do pose a genuine issue of fact. *Compare Gregg* v. *Weller Grocery Co.* (Fla Ct. App. 1963), 151 So. 2d 450 *with Hoffman* v. *Lamb Knit Goods Co.* (W. D. Mich. 1940), 37 F. Supp. 188.

We also believe that the dispute over Kotnik's employment status was made more obvious by the uncertainties apparent in the moving papers. In several instances both

deponents were indefinite as to exactly how much control the company could or did assert over the manner in which Kotnik divided his responsibilities of hauling and working in the shipping department (Deposition of Schaefer at 27, 33; Deposition of Srp at 11, 26). Only at a trial can there be the needed full amplification of this issue and other indicia of control. *Braniff* v. *Jackson Ave.-Gretna Ferry, Inc., supra.*

Finally, while we by no means denigrate the integrity or the honesty of the company officials, we think that their depositions, on which the trial court's ruling was undoubtedly bottomed, present inevitable questions of credibility, if for no other reason than that Schaefer and Srp may have an indirect interest in having their employer, the appellee, prevail. *See* IIIA J. WIGMORE, EVIDENCE Sec. 948, at 786 (Chadbourn rev. ed. 1970). It is well settled that it is outside the province of a summary judgment hearing to resolve issues of credibility. *Sartor* v. *Arkansas Natural Gas Corp.* (1944), 321 U. S. 620. These questions should be left to the trier of facts who have the opportunity to observe the demeanor of the witnesses. Only through a visual presentation of the testimony can the jury, or the trial court, filter out any bias that may have subtly manifested itself in the depositions.

For the foregoing reasons we hold, therefore, that the judgment of the Common Pleas Court granting the motion for summary judgment should be reversed and remanded for further proceedings according to law.

*Judgment reversed.*

WASSERMAN, C. J., and DAY, J., concur.