## Freas
### v.
### Prater Construction Corp., Inc.
*[Cite as 3 AOA 99]*

*Case No. CA-3482*
*Licking County, (5th)*
*Decided May 4, 1990*

*Philip R. Bradley, Robert H. Stoffers, 1620 East Broad Street, Suite 101, Columbus, Ohio 43203, for Plaintiff-Appellant.*

*Becor-Western, Inc., Joseph K Wehby, 602 Main Street, Suite 1200, Cincinnati, Ohio 45202, for Defendant-Appellee.*

HOFFMAN, J.

Plaintiff-Appellant is Martha Freas, Administratrix, et al. (appellant), and Defendant-Appellee is Prater Construction Corporation, et al. On August 29, 1985, appellant filed a complaint in the Court of Common Pleas of Licking County, on behalf of decedent, Rocky Blankenship. The following statement of the case provided by appellant is undisputed.

The complaint stated that on January 16, 1984, Mr. Blankenship was working for Prater Construction and Mr. Prater, and that Mr. Blankenship was dismantling a crane manufactured and sold by Becor-Western. The complaint further stated that Mr. Blankenship was crushed to death by the crane boom during the assembly process.

The specific allegation against Prater Construction and Mr. Prater was that they committed an intentional tort in that Prater Construction and Mr. Prater intentionally acted so as to cause the crane boom to fall on Mr. Blankenship.

As for Becor-Western, the complaint alleges that it (Becor-Western) is strictly liable for Mr. Blankenship's death in that Becor-Western's crane was defectively designed, manufactured and assembled and those product defects caused the crane boom to fall on Mr. Blankenship. Complaint also alleged that Becor-Western was negligent in failing to warn of the unsafe condition of the crane.

After all the defendants answered the complaint, defendants Prater Construction and Mr. Prater moved for summary judgment as to plaintiff's claim against them. That motion was granted by the trial court and defendants Prater Construction and William S. Prater were dismissed from the case. (See entries filed August 5, 1988.)

Subsequently, defendant Becor-Western also moved the trial court for summary judgment as to plaintiff's claim against it, and on August 17, 1989, Becor-Western's motion was granted (see Memorandum of Decision filed August 17, 1989; and Judgment Entry filed September 13, 1989).

Appellant now appeals the trial court's order granting summary judgment in favor of Becor-Western pursuant to notice of appeal and amended notice of appeal filed on September 20 and 25, 1989.

Appellant raises the following sole assignment of error:

"THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT IN FAVOR OF DEFENDANT-APPELLEE, BECOR-WESTERN, INC."

For purposes of clarification, we point out that no error has been assigned against Prater Construction or William S. Prater nor have these parties filed briefs in the case *sub judice.*

Before discussing the merits of the error assigned, we relate the pertinent facts derived from the record herein.

Decedent was the principal operator of Becor's crane (called a 30-B crane) and as stated *supra,* was, along with William Prater, dismantling the crane on the date of his death. According to Prater's deposition (at 19), decedent was provided an instruction manual regarding the safety, operation and assembly/disassembly of the 30-B crane. The pertinent pages of the booklet are 601-606, attached to Prater's affidavit in support of summary judgment and attached to appellee's brief to this court as Exhibit A.

The following description of the instruction manual and events of January 16, 1984, is adopted from appelle's brief at 3-4:

"It stressed at several points within the disassembly section that injury or death could occur if one stood on, in or underneath the boom while disassembling it. Further, the Manual specifically instructed operators to utilize cribbing (typically wooden beams or rail ties) as support while disassembling the boom. Alternative disassembly methods were provided for in the manual, such as dropping the boom tip to the ground, releasing the pendant line tension, and removing the top pins. The Manual, however, stressed that at no time should an operator attempt to dismantle a boom by removal of bottom splice joint pins while pendant cables were in front of that joint (toward the point end of the boom) with tension on the lines. This incorrect method of disassembly is what Blankenship and Prater attempted."

On the date of the accident, Blankenship was in the process of disassembling the crane boom so the entire machine could be moved to a new job site (Prater Dep., p. 23). He, along with Prater, attempted to disassemble the boom onto a lowboy truck without using cribbing as recommended in the *Instruction Manual* (Prater Dep., pp. 44, 55). The boom was lowered to a position horizontal with the ground, approximately four feet above the ground (Prater Dep., p. 35). None of the pendant lines were moved; they were still attached to the point end of the boom at the time of the accident and were taut (Dep. pp. 49-50). Blankenship instructed Prater to get under the boom at the splice joint closest to the cab and knock the boom pin out of the bottom splice joint. Prater complied and knocked the pin out. He then went around the boom to assist Blankenship. Blankenship was under the boom when Blankenship knocked his pin out. The boom buckled at that instant and due to its force and weight, it fell downward on Blankenship. The top splice joint near the cab acted as a hinge when the bottom pins were knocked out and Blankenship was crushed under the boom.

We now turn to the claim of error.

### I

This assignment of error is not well taken. First, Becor-Western was not negligent through a failure to warn or caution one involved in the assembly/disassembly procedure. As pointed out by appellee, appellant's own expert witness stated that the instruction manual clearly "does an adequate job of pointing out that one should stay out from underneath the boom." (Dunlop Dep. 118, ll. 10-11, filed May 31, 1989.)

As to the necessity of placing warnings on the crane itself, appellant relies upon *Seley v. G.D. Searle* (1981), 67 Ohio St. 2d 192 for the contention that "adequacy of warnings has been held by the Supreme Court of Ohio to be a question of fact." (Freas' brief at 9.) *Seley* must be confined to its facts which concerned an "unavoidably unsafe prescription drug" which could cause potentially adverse reactions. (Syll. 1.) Appellant is not persuasive that there was a duty as a matter of law on the part of Becor-Western to display warnings on the crane itself. Appellant has not provided any substantive authority demonstrating that Becor-Western should have warned (via placards, signs on the crane itself) of the open or obvious danger of crane disassembly.

As to the issue of assumption of risk, appellant cites *Onderko v. Richmond Mfg. Co.* (1987), 31 Ohio St. 3d 296. Appellant's reliance upon this decision is misplaced; its syllabus clearly "falls" on the side of appellee in the case *sub judice*:

"Voluntary and unreasonable assumption of a known risk posed by a product constitutes an absolute bar to recovery in a products liability action based upon strict liability in tort."

Additionally, appellant is totally incorrect in arguing to us that in *Onderko*: "The court held that it is for the trier of fact [jury] to determine if there has been such an assumption of risk." (At 300.) Appellant's brief at 12.

The Supreme Court did not so rule. What the court did state is that in the *Onderko* situation, where a merit trial had taken place and the jury had returned a verdict in favor of appellee-injured party-Onderko, was that:

"If, *on retrial*, the trier of fact specifically finds that appellee voluntarily assumed the risk of his injury, appellee will be barred from recovery on his strict liability claim."

(*Onderko*, at 300, emphasis added.)

In the instant case, the evidence presented to the court, when construed most favorably to appellant both at the trial level and upon appeal, demonstrates that decedent was given proper warning of the danger involved in the subject operation, but voluntarily (along with Prater)' chose a procedure of disassembly contrary to that which he had been instructed. Summary judgment was appropriate in the case *sub judice*, and appellant's sole assignment of error is overruled.

For the reasons stated *supra*, the judgment of the Court of Common Pleas of Licking County is affirmed.

*Judgment affirmed.*

MILLIGAN, P.J., concurs.
SMART, J., dissents.

SMART, J., dissenting.
I dissent.
Civ. R. 56(C) states in pertinent part:
"..Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law..A sum-mary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

The majority opinion glosses over those issues in affirming the trial court.

For example, regarding the issue of the adequacy of the warnings given to decedent, the majority states, "the appellant is not *persuasive* that there was a duty..." The majority concludes, "appellant has not provided any substantive authority demonstrating that Becor-Western should have warned..of the *open or obvious* danger of crane disassembly." (Opinion at p. 5, emphasis added.) It is not our task, nor was it the trial court's to determine which party was more persuasive. Determination of credibility is wholly within the province of the jury, *Duke v. Sanymetal Products Co., Inc.* (1972), 31 Ohio App. 2d 78. The conclusary assertion that the danger was open or obvious is a factual assertion. It was for the jury to determine whether the danger was so open or obvious as to render a warning unnecessary. I think the *Seley* case cited by the majority may be extended thus far.

Likewise, the majority isolates the statement by appellant's expert witness regarding a single aspect of the warning in the instruction manual. The majority ignores numerous other statements by that expert and another regarding the adequacy of the warnings. One simply cannot conclude from the state of this record that reasonable minds could only determine that Becor-Western had adequately discharged its duty to decedent, or for that matter, to his employer.

Finally, the issue of assumption of risk is a factual one for the jury, because it depends in part upon what the jury determines are the facts regarding the adequacy of the warnings and the obviousness of the dangers.

I must differ with the majority's reading of *Onderko v. Richmond Manufacturing Co.* (1987), 31 Ohio St. 3d 296. It is true that this case does not stand for the proposition that it is a jury issue whether a plaintiff has voluntarily and unreasonably assumed a known risk. However, after a full and fair reading of *Onderko*, one can only conclude that the trial court, the Court of Appeals, and the Supreme Court took as an implicit premise that the issue was for the jury's determi-

nation. The sentence quoted by the majority highlights this fact.

I would sustain the assignment of error, reverse the trial court, and remand the case back for determination of the following material facts: (1) were the warnings provided by Becor-Western adequate; (2) did the decedent voluntarily and unreasonably assume a known risk; and (3) were the actions of the employer an intervening and superseding cause of the death of decedent, thereby releasing Becor-Western of liability.