## Kline
## v.
## R.N. Landis Management Co.
*[Cite as 3 AOA 199]*

*Case No. 56946*
*Cuyahoga County, (8th)*
*Decided May 10, 1990*

*Todd M. Raskin, John T. McLandrich, 30670 Bainbridge Road, Solon, OH 44139, Jack Kluznik, 2500 Terminal Tower, Cleveland, OH 44113, for Plaintiffs-Appellants.*

*Reginald P. Trubey, Jr., 25th Floor, 815 Superior Avenue, N.E. Cleveland, OH 44114, for Defendants-Appellees.*

PATTON, C.J.

The plaintiffs-appellants, Constance Kline and her husband, Michael Kline, are appealing the trial court's granting of summary judgment in favor of defendants, R.N. Landis Management Company, Chestnut Commons Condominiums and Architectural Landscape, Inc. (collectively "defendants")1

The plaintiffs-appellants filed their personal injury claim against defendants following Constance Kline's slip and fall after a heavy snowfall, in a parking lot of the Chestnut Commons Condominiums, where she resided. Her husband sought damages for loss of his wife's services.

In their complaint, plaintiffs alleged, *inter alia,* that (1) R.N. Landis Management Co. and Chestnut Commons Condominium Association, being jointly responsible for the management of the Chestnut Commons Condominiums, negligently failed to require Architectural Landscape, Inc. to properly remove snow and ice from the parking lot, and (2) Architectural Landscape, Inc. negligently failed to properly remove snow and ice in the parking lot as required.

Defendants subsequently moved for summary judgment arguing that plaintiff fell as a result of a natural accumulation of ice and snow and, therefore, under Ohio law, their claims were barred as a matter of law. The trial court granted summary judgment in favor of all defendants. The plaintiffs timely appealed.

The plaintiffs now bring one assignment of error:

"THE TRIAL COURT ERRED IN GRANT-ING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST WHICH PRECLUDE GRANTING OF A MOTION FOR SUMMARY JUDGMENT."

Summary judgment will be rendered in a case when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ. R. 56(C). A genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion opposition brief are in conflict. *Duke* v. *Sanymetal Products Co.* (1972), 31 Ohio App. 2d 78, 286 N.E. 2d 324. When a summary judgment motion is made and supported by documentary evidence, the adverse party may not merely rest upon his pleadings, but must forth specific facts by affidavit or other Rule 56 evidentiary matters showing that there is a genuine issue for trial. Civ. R. 56(E). Summary judgment disposition is appropriate when reasonable minds can come to but one conclusion after reviewing the evidence and that conclusion is adverse to the non-moving party. Civ. R. 56(C).

This court notes that "[i]ce and snow is not an unusual occurrence in Ohio during the winter months." *Tonelli* v. *M.H. Hausman Co., et al.* (Sept. 28, 1989), Cuyahoga App. Nos. 55915, 55932, unreported at 3; see, also *Lopatkivich* v. *Tiffin* (1986), 28 Ohio St. 3d 204, 206-207. As a general rule, no one owes a duty to remove natural accumulations of ice and snow. *Tonelli, supra;* at 4; *Lopatkovich, supra.*

However, a duty to remove natural accumulations of ice and may arise by operation of an express agreement. *Shillman* v. *Frankel, et al.* (Dec. 21, 1989), Cuyahoga App. No. 57718, unreported at 2 (per curiam) ("[w]hile the duty to clear natural accumulations of ice and snow will not be judicially imposed upon a landowner, this duty may arise by operation of a lease agreement. Cf. *LaCourse* v. *Fleitz* (1986), 28 Ohio St. 3d 209, 211."); see, also, *Hammond* v. *Moon* (1982), 8 Ohio App. 3d 66, 68.

Contrary to the finding of the trial court, we find there was sufficient evidence to permit reasonable minds to conclude that defendants had assumed the duty of clearing natural accumulations of ice and snow from the parking lot if the evidence is construed most strongly in favor of plaintiffs.

Plaintiffs presented rebuttal evidence sufficient to establish a genuine issue of material fact. The pertinent section of the Chestnut Commons Condominium Rules and Regulations reads:

*"SNOW PLOWING AND PARKING:*

"1. Your snow removal contractor will be working by 7:00 a.m. on each snowy morning.

"2. They have been contracted to plow streets, parking lots, and parking spaces.

"3. Your sidewalks will be cleared, however, each resident will be responsible for his/her own steps and stoop area.

"4. The contractor is contracted to plow when snow accumulations reach approximately 2 inches or more.

"5. Main roads will be cleared first so that residents can Leave [sic] for work.

"6. Plows will then return to clean parking spaces.

"7. There is to be no parking on any of our main roadways. Our snow plows must have access for proper clearing.

"8. We must ask everyone's cooperation in moving your cars." DO NOT leave a car sitting in a parking space for more than two days in a row. This will alleviate a great deal of difficulty not only in finally moving your car but also in cleaning spaces on either side of it. Even if you have nowhere 'special' to go, please move your car to a clean parking space."

Moreover, defendants supplied a letter from R.N. Landis Management Co. to the residents, including plaintiffs which stated in germane part:

"Dear Chestnut Commons Resident,

"Once again winter is approaching. We would like to inform you of the provisions that have been made for snow removal at Chestnut Commons.

"1. Your snow removal contractor is Architectural Landscapes.

"2. They have been contracted to plow streets, parking lots, parking spaces, and sidewalks.

"3. Walks and parking lots *WILL NOT* be salted. Please take proper care going to and from your unit. You may wish to purchase some salt and use this on your walk area. Although this is suggested by your Board it is, of course, up to you.

"4. They are contracted to plow when snow accumulation reaches approximately 2" or more.

"5. Main roads will be cleared first so that homeowners can leave for work.

"6. Plows will then return to clean "outside" parking spaces.

"7. We must ask everyone's cooperation in moving your cars. *Do Not* leave a car sitting in a parking space. Even if you have no where "special" to go, PLEASE move your car to a clean parking space. This will alleviate a great deal of difficulty not only in cleaning spaces on either side of you."

The record discloses that the day before, and the day of, Mrs. Kline's accident, snow had been falling heavily and had accumulated to over two inches. The accident occurred at approximately 4:00 p.m. when she went outside in an attempt to shovel the snow because her husband could not pull his car into the driveway. At this time, Architectural Landscapes had not yet plowed. The record indicates that they plowed somewhere between 5:00 p.m. and 7:00 p.m. that night.

Moreover, the letter to the residents of Chestnut Commons specifically informed them that their contractor for snow removal was Architectural Services. As such, it was clear that the residents were to benefit by the contract between R.N. Landis Management and Architectural Services. Accordingly, there exists a genuine issue of material fact whether plaintiffs were the intended beneficiaries or merely incidental beneficiaries of the contract. *Hill* v. Sonitrol of Southwestern Ohio, Inc. (1988), 36 Ohio St. 3d 36, 40.

In accordance with foregoing discussion, we find that plaintiffs' evidence, construed most favorably to them, generates a triable issue of fact regarding the duty owed and any breach thereof as a result of each of the defendants' negligence.

Accordingly, plaintiffs' assignment of error is well-taken.

*Judgment reversed and*
*cause remanded.*

MC MANAMON, J., and STILLMAN, J., concur.

Sitting by assignment, Saul G. Stillman, retired judge of Court of Appeals of Ohio, Eighth Appellate District.