## Johnson v. Motorists Ins. Co.
### [Cite as 7 AOA 157]

*Case No. 90-CA-10*
*Coshocton County, (5th)*
*Decided October 23, 1990*

*Thomas A. Cox, 528 W. Main Street, Kent, Ohio 44240, for Plaintiff-Appellant.*

*Frank J. Micheli, 2806 Bell Street, P.O. Box 2687, Zanesville, Ohio 43702-2687, for Defendant-Appellee.*

SMART. J.

This is an appeal from a summary judgment of the Court of Common Pleas of Coshocton County, Ohio, in favor of defendant-appellee Motorists Insurance Company (the Insurance Company) and against plaintiff-appellant Gloria Johnson, Commissioner of the Estate of Ellis Johnson, deceased (Estate), on the Estate's claim for coverage under a policy of insurance owned by one Sue Adams.

Appellant assigns a single error to the trial court:

"ASSIGNMENT OF ERROR
"THE COURT ERRED IN GRANTING THE SUMMARY JUDGMENT OF THE DEFENDANT AS A FACTUAL ISSUE IS PRESENTED IN THE CASE OVER WHICH REASONABLE MINDS MIGHT DIFFER AND JUDGMENT AS A MATTER OF LAW IS NOT APPROPRIATE."

The Estate's Loc. App. R. 4(D) statement asserts that the summary judgment was inappropriate on the undisputed facts.

Civ. R. 56(C) states in pertinent part:

"Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor."

A trial court should not enter a summary judgment if it appears that a material fact is genuinely disputed. Nor should summary judgment be granted if, construing the allegations most favorably towards the nonmovant, reasonable minds could draw different conclusions from the undisputed facts, *Duke v. Sanymetal Products Co. Inc.* (1972), 31 Ohio App.2d 78. A trial court may not resolve ambiguities in documents or in testimony, *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio, Inc.* (1984), 15 Ohio St. 3d 321.

The evidence before the trial court consisted solely of the deposition of Toni Adams, the daughter of the Insurance Company's insured, Sue Adams. Toni Adams testified that on April 14, 1987, she parked her automobile in a school parking lot. The Estate's decedent, Ellis Johnson, and another young man got into the car. Decedent was a long-time acquaintance, but had

never driven her car or ridden in it. Toni Adams testified that she was going to drive someone else home, but not decedent.

Toni Adams got out of her car, leaving the keys in it but the ignition turned off. Both the other occupants apparently exited the vehicle as well. As Toni Adams walked towards the school to use a rest room, one of the two boys said, "Hey, let's take her car." She did not respond but continued walking towards the school. She deposed that at the time, she thought the two were joking because they had been joking around all day. She assumed, bud did not know for sure, that decedent had a driver's license. When she returned to the parking lot, her car was gone. She later learned that decedent was involved in a fatal accident in her car. In discussing the accident with a friend later, she did not tell him she had never given decedent permission to take the car.

The insurance policy written for Sue Adams that covered Toni Adams' car provided in pertinent part:

"Part B - Medical Payments Coverage Exclusions. We do not provide medical payments coverage for any person for bodily injury:
" ***

"7. Sustained while occupying the vehicle without a reasonable belief that the person is entitled to do so."

The Estate asserts that a reasonable jury could conclude from the undisputed facts that Toni Adams gave an implied permission to Ellis Johnson to use the auto. In the alternative, decedent could have a reasonable belief that Toni Adams gave him permission to take the car when she did not respond to the remark, "Let's take the car."

Insurance Company asserts that Toni Adams did not have a duty to speak.

The Estate reminds us of the maxim that contracts of insurance must be construed strictly against the insurer. However, this cause does not present a question of contract construction.

The trial court found that Toni Adams did not give the keys to Johnson, and did not do anything to lead decedent to believe that she consented to his taking the car. The trial court concluded that this evidence was insufficient as a matter of law to establish even implied permission. We agree that on these undisputed facts, reasonable minds could come to but one conclusion, and that conclusion is adverse to the estate. As a matter of law, this evidence is insufficient to support the Estate's claims.

The assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Coshocton County, Ohio, is affirmed.

MILLIGAN, P.J., and GWIN, J., concur.