### Uhl v. Hill
*[Cite as 7 AOA 171]*

*Case No. 12-CA-90*
*Fairfield County, (5th)*
*Decided October 31, 1990*

*Paul E. Morehart, Assistant Prosecutor, 323 East Main Street, Lancaster, Ohio 43130, for Plaintiff-Appellee.*

*Will Kernen, Lappen, Lilley, Kernen & Co., L.P.A., 9 East Second Street, P.O. Box 588, Logan, Ohio 43138, for Defendant-Appellant.*

SMART, J.

This is an appeal from the summary judgment of the Court of Common Pleas of Fairfield County, Ohio, that permanently enjoined defendant-appellant, Thomas Hill, dba Forestmeister Hunting Preserve (appellant), from operating a hunting preserve on his property. The action arose on the petition by plaintiff-appellee, John Uhl, zoning Inspector of Hocking Township, Fairfield County.

Appellant assigns two errors to the trial court:

"I. THE COURT ERRED IN GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT.

"II. THE COURT ERRED IN OVERRULING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT."

Appellant has not complied with Local App. R. 4(D) regarding appeals from summary judgments. Failure to comply with this rule is grounds for dismissal for failure to prosecute the appeal. However, we will address this case on its merits.

Civ. R. 56(C) states in pertinent part:

".... Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law... A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclu-

sion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor...."

A trial court should not enter a summary judgment if it appears that a material fact is in genuine dispute. Nor should a summary judgment be granted if, construing the allegations most favorably towards the nonmovant, reasonable minds could draw different conclusions from the undisputed facts, *Duke v. Sanymetal Products Co. Inc.* (1972), 31 Ohio App. 2d 78.

It appears that the facts are not in dispute. Appellant owned some forty acres of land in Hocking Township. The subject land is zoned agricultural. Appellant operates Forestmeister Hunting Preserve, on which he raises sheep, hogs and goats. He maintains the preserve for pasturing these animals. A customer may purchase a live animal, or may "harvest" it himself by shooting it from a hunting tower. Some of the animals sold by appellant are "exotic," that is they are not indigenous to Ohio.

Hocking Township Zoning Resolution Section 320 permits agriculture, accessory buildings, private garages, single family dwellings, and family supply stores. It also allows certain conditional uses:

agribusiness, airport, antique sales, auction house, bar, boarding house, campground, cemetery, child care nursery, church, commercial feed lot, commercial stables, community swimming pool, driving range, farm market, flea market, fraternal organization hall, funeral home, home occupation, hospital, mineral extraction, miniature golf, night club, nursing home, oil and gas drilling, outdoor concerts and plays, plant material nursery, private school, rest home, tavern, tenant farm dwelling, and veterinary animal hospital.

Appellant urges that this zoning resolution is extremely and unconstitutionally restrictive, under the standards articulated in the case of *Mentor Lagoons Co.. Inc. v. Zoning Board of Anneals of Mentor Township* (1958), 168 Ohio St. 113. In *Mentor Lagoons,* the Supreme Court held:

"In order to reverse a decision of a township board of zoning appeals in refusing to authorize a variance from the terms of a zoning resolution, it is not necessary for the Common Pleas Court to find that the board abused its discretion but it is sufficient if that court finds

that the decision of the board in refusing to authorize the requested variance represents an unreasonable exercise of that discretion." (Section 519.15, Revised Code, construed.) Syllabus by the court, para. 2.

Although this is not a variance case, we think the language in *Mentor Lagoons* is helpful here. Appellant asserts that the township may not restrict all hunting in Hocking Township. In *Mentor Lagoons*, however, the Supreme Court found that firing shot guns could be prohibited in a residential area. The trial court here noted the relatively small size of appellant's property compared to the high caliber weapons that appellant's literature recommends. It also noted its proximity to residential areas.

We find that the zoning resolution is not unreasonably restrictive.

Appellant also asserts that the activities he carries out are properly within agricultural use. The appellee agrees that certain activities that appellant performs may well be agricultural, and that under the terms of the injunction, he may legally continue to perform them. The trial court prohibited appellant from "engaging in the business of providing for a fee wild animals for hunters to shoot at." We agree that as a matter of law that activity is not agricultural, but is rather commercial business use. The trial court did not err in enjoining that portion of appellant's activities.

Both assignments of error are overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Fairfield County, Ohio, is affirmed, and the cause is remanded to that court for further proceedings in accord with law.

PUTMAN, P.J., and HOFFMAN, J., concur.