OPINION
Plaintiffs-appellants, Brent Snyder, et al., appeal a decision of the Madison County Court of Common Pleas granting summary judgment in favor of defendant-appellee, Mideast Machinery Movers, Inc. The judgment of the trial court is affirmed.
On May 9, 1997, Snyder was injured in the course of, and arising out of his employment with Mideast Machinery. The accident occurred while Snyder was walking next to a forklift operated by Paul Trissel. Trissel was moving a piece of equipment on a boom extending from the forklift. Snyder was walking next to the equipment to help balance the load and to direct Trissel as he drove the forklift. The forklift was moving at a walking pace, less than five m.p.h.
As they approached an inclined ramp leading to a garage door, Snyder became distracted and stopped walking without warning Trissel. Trissel continued to drive forward, and the forklift ran over Snyder's right foot. Snyder was seriously hurt in the accident; his injuries eventually required that his leg be amputated below the knee.
Snyder subsequently filed suit against his employer, alleging that Mideast Machinery's negligent maintenance and operation of the forklift constituted an intentional tort for which it should be held liable. The trial court granted Mideast Machinery's motion for summary judgment, finding that Snyder had failed to demonstrate the existence of any genuine issues of material fact. Specifically, the trial court found that Snyder failed to demonstrate that Mideast Machinery had any actual knowledge of the exact danger which caused his injury, or to demonstrate that Mideast Machinery had knowledge, to a substantial certainty, that his injury would occur from a known and hazardous condition. Snyder appeals, raising a single assignment of error:
 The trial court erred in it's determination that the Appellant failed to present evidence of Defendant-Appellee's knowledge to a substantial certainty that Plaintiff-Appellant's injuries would occur from a known and hazardous condition.
Civ.R. 56(C) permits a court to grant summary judgment where there is no genuine issue of material fact. Welco Industries, Inc. v. Applied Cos. (1993), 67 Ohio St.3d 344, 346. Summary judgment will be granted as a matter of law if reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion is made.Id. A genuine issue of material fact exists when the relevant factual allegations in the pleadings, affidavits, depositions or interrogatories are in conflict. Fitzgerald v. Masland-Hayashiy, Inc. (Dec. 15, 1997), Warren App. No. CA97-05-042, unreported, at 6-7, citing Duke v. SanymetalProd. Co., Inc. (1972), 31 Ohio App.2d 78 . In deciding whether there is a genuine issue of material fact, the evidence must be construed in the nonmoving party's favor. Hannah v. Dayton Power Light Company (1998),82 Ohio St.3d 482, 485.
Although summary judgment should be awarded with caution, it is wholly appropriate where a plaintiff fails to produce evidence supporting the essential elements of his claim. Welco, 67 Ohio St.3d at 346. In determining whether the plaintiff demonstrated the elements of his claim, an appellate court must conduct a de novo review of the record to determine if summary judgment was appropriate. Fitzgerald at 7-8, citingSchwartz v. Bank One, Portsmouth, N.A. (1992), 84 Ohio App.3d 806.
To establish an intentional tort by an employer, proof beyond that required to prove negligence or recklessness must be established. Fyffev. Jeno's, Inc. (1991), 59 Ohio St.3d 115, at paragraph two of the syllabus. Where an employer knows that injuries to employees are certain or substantially certain to result from a process, procedure or condition and yet still proceeds, the employer is treated by the law as if he had in fact desired to produce the result. Id. However, the mere knowledge and appreciation of a risk, something short of substantial certainty, is not intent. Id. To prove the intent of an employer, the employee must demonstrate:
 knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task.
Id. at paragraph one of the syllabus; see, also, Dirksing v. Blue ChipArchitectural Products (1994), 100 Ohio App.3d 213. Proof of these three elements may be demonstrated by direct or circumstantial evidence.Hannah, 82 Ohio St. at 485, citing Adams v. Aluchem, Inc. (1992),78 Ohio App.3d 261, 264.
Snyder argues that summary judgment is inappropriate in the present case because there is evidence which indicates that Mideast Machinery had knowledge to a substantial certainty that his injuries would result from a known and hazardous condition. Snyder has failed to indicate the portion of the record that supports this assertion, as required by App.R. 16(A)(7). However, our independent review of the record fails to reveal any evidence which would demonstrate that Mideast Machinery had any knowledge that, while walking next to the forklift at a slow speed, Snyder would become distracted, stop, and allow the forklift to run over his foot.
This particular method of moving heavy machinery had been used by Mideast Machinery for years, and Snyder himself had moved machinery in this manner one to three times a week for several years. The accident involving Snyder was the first of its kind. Rather than indicating Mideast Machinery's knowledge of a dangerous condition, the evidence reveals that Mideast Machinery could not have known to a substantial certainty that Snyder would be injured in this manner.
Snyder also contends that his testimony about the mechanical condition of the forklift creates a question of fact regarding Mideast Machinery's knowledge of a known and hazardous condition. Snyder testified that the forklift involved in the accident was in poor repair. Specifically, he testified that in order to put the forklift in reverse, one had to first drive the forklift forward, then shift it into reverse as it was moving. However, Snyder made no causal connection between this alleged defect and the accident which caused his injury. The forklift was moving forward throughout the incident, and there is no evidence that Trissel was attempting to put the forklift into reverse. This mechanical defect is completely unrelated to the accident which caused Snyder's injury.
The record, even when viewed in a light most favorable to Snyder, falls short of establishing that Mideast Machinery had knowledge, to a substantial certainty, that Snyder's injury would occur from a known and hazardous condition. As Snyder has failed to adduce any evidentiary issues, we find that Mideast Machinery is entitled to summary judgment. The assignment of error is overruled.
Judgment affirmed.
YOUNG, P.J., and VALEN, J., concur.