OPINION
{¶ 1} Plaintiff-appellant, Robin Ochsmann, appeals from a judgment of the Franklin County Court of Common Pleas granting the summary judgment motions of defendants-appellees, Great American Insurance Company ("Great American"), American National Fire Insurance Company ("American National"), and American Motorist Insurance Company ("AMICO"),[1] and denying plaintiff's motion for summary judgment.
 {¶ 2} On February 9, 1988, plaintiff, a pedestrian, sustained serious injuries when she was struck by an automobile driven by Brian K. Slappy. Plaintiff filed a claim with her own insurance carrier, Farmers Insurance Company ("Farmers"), and ultimately received $15,000 in uninsured motorist ("UM") benefits, as well as an additional $5,000 in medical payments benefits. Plaintiff also instituted a personal injury action against Slappy and, in 1989, obtained a default judgment against him in the amount of $500,000. The judgment against Slappy has never been satisfied. No settlement was ever reached with any insurance carrier on Slappy's behalf.
 {¶ 3} At the time of the accident, plaintiff was employed by International Magazine Services of Michigan, Inc. ("International Magazine"), a Michigan corporation authorized to do business in Ohio. International Magazine was insured under three separate policies of insurance: (1) a commercial automobile policy issued by Great American; (2) a commercial general liability policy issued by National Fire; and (3) an umbrella liability policy issued by Great American. Further, at the time of the accident, plaintiff was married to Robert Dowd, who was employed by Scrivner, Inc. ("Scrivner"), an Oklahoma corporation authorized to do business in Ohio. Scrivner was insured under a combined commercial automobile and general liability policy issued by AMICO.
 {¶ 4} After the Ohio Supreme Court decided Scott-Pontzer v. Liberty Mut. Fire Ins. Co. (1999), 85 Ohio St.3d 660, plaintiff notified defendants of potential UM claims under the aforementioned policies. Thereafter, in August 2001, plaintiff filed a declaratory judgment action alleging, inter alia, that Slappy was uninsured; that plaintiff had incurred medical expenses in excess of $100,000, and a loss of earnings and earning capacity in excess of $100,000; and that the $20,000 settlement with Farmers was insufficient to compensate her for her losses. Accordingly, she sought UM benefits under each of the policies issued by defendants. She also sought UM benefits under a commercial umbrella liability policy allegedly issued to Scrivner by a "John Doe" insurance company.
 {¶ 5} Plaintiff filed a motion for summary judgment on September 16, 2002, contending that her UM claims were governed by Ohio law; that she qualified as an insured under each of the policies pursuant to Scott-Pontzer and its progeny; and that she provided defendants timely notice of her UM claims as required under the policies. On the same day, Great American and American National filed a joint motion for summary judgment, claiming that no evidence existed from which reasonable minds could conclude that Slappy was either uninsured or underinsured at the time of the accident, and, as such, plaintiff could not satisfy her threshold burden of proving, as required by former R.C. 3937.18,[2]
that Slappy was an insured or underinsured motorist. Great American and American National further argued that plaintiff's claims for coverage under their policies were governed by the law of a state other than Ohio, and, as such, Scott-Pontzer and its progeny were inapplicable. Great American and American National argued, alternatively, that, even if Ohio law governed plaintiff's claims, plaintiff did not qualify as an insured under any of the policies. Finally, Great American and American National argued that plaintiff failed to timely notify them of her UM/UIM claims and that such failure prejudiced their subrogation rights. AMICO also filed a summary judgment motion on September 16, 2002, asserting virtually the same defenses as did Great American and American National.
 {¶ 6} On October 29, 2002, the trial court granted summary judgment for defendants and denied summary judgment for plaintiff on the sole ground that plaintiff was not entitled to UM/UIM benefits under former R.C. 3937.18, because she failed to produce any evidence demonstrating that Slappy was either uninsured or underinsured at the time of the accident. Having so found, the trial court did not address the additional issues raised by the parties in their motions for summary judgment.
 {¶ 7} Plaintiff timely appealed the trial court's judgment, advancing the following four assignments of error:
1. The trial court committed reversible error when it granted summary judgment on the issue of whether or not Brian K. Slappy was an uninsured person.
2. The trial court erred in failing to determine Ohio law applicable to insurance contracts which provide coverage for business operations occurring within the State of Ohio.
3. The trial court erred by not declaring Plaintiff-Appellant an insured under each of the policies issued by Defendants-Appellants [sic] pursuant to the authority of Scott-Pontzer.
4. The trial court committed reversible error by not declaring plaintiff-appellant's notice to the UIM carriers was reasonable under the facts and circumstances of her claims.
 {¶ 8} In addition, AMICO filed a timely notice of cross-appeal, assigning as error the following:
1. The trial court erred in determining that Ohio law governs plaintiff-appellant's claims under the AMICO policy issued to Scrivner, Inc.
2. The trial court erred in not determining that plaintiff-appellant, Robin Ochsmann, is not an insured under the AMICO auto policy as there is no "family member" language contained in the policy to extend such coverage.
3. The trial court erred in not finding that plaintiff's claims are barred based on her breach of the general conditions of the policy including her failure to provide notice of her accident until thirteen years after the subject accident.
 {¶ 9} Because plaintiff's and AMICO's assignments of error arise out of the trial court's ruling on a motion for summary judgment, we review the disposition independently and without deference to the trial court's determination. Brown v. Scioto Cty. Bd. of Commrs. (1993),87 Ohio App.3d 704, 711. In conducting our review, this court applies the same standard as that employed by the trial court. Maust v. Bank One Columbus, N.A. (1992), 83 Ohio App.3d 103, 107, jurisdictional motion overruled (1993), 66 Ohio St.3d 1488. In determining whether the trial court properly granted summary judgment, we must review the standard for granting summary judgment set forth in Civ.R. 56, as well as the applicable law. Summary judgment should be rendered only where the evidence demonstrates that: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) viewing the evidence most strongly in favor of the non-moving party, reasonable minds can come to but one conclusion, and that conclusion is adverse to the non-moving party. Civ.R. 56(C); State ex rel. Grady v. State Emp. Relations Bd. (1997), 78 Ohio St.3d 181,183.
 {¶ 10} Material facts are those that might affect the outcome of the action under the law governing the case. Turner v. Turner (1993),67 Ohio St.3d 337, 340, citing Anderson v. Liberty Lobby, Inc. (1986),477 U.S. 242, 248. In determining what constitutes a genuine issue, the court must decide whether the evidence presents "`a sufficient disagreement to require submission to a jury,'" or whether it is "`so one-sided that one party must prevail as a matter of law.'" Turner, at 340, quoting Anderson, at 251-252. Further, in ruling on a motion for summary judgment, the court must construe the record and all inferences therefrom in favor of the non-moving party. Doe v. First United Methodist Church (1994), 68 Ohio St.3d 531, 535.
* * * [A] party seeking summary judgment, on the ground that the nonmoving party cannot prove its case, bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact on the essential element(s) of the nonmoving party's claims. The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied. However, if the moving party has satisfied its initial burden, the nonmoving party then has a reciprocal burden outlined in Civ.R. 56(E) to set forth specific facts showing that there is a genuine issue for trial and, if the nonmovant does not so respond, summary judgment, if appropriate, shall be entered against the nonmoving party.
Dresher v. Burt (1996), 75 Ohio St.3d 280, 293.
 {¶ 11} As we have already noted, plaintiff and defendants raised several arguments before the trial court concerning plaintiff's entitlement to UM/UIM coverage under the insurance policies at issue. However, the trial court barred plaintiff's recovery based exclusively on her alleged failure to produce evidence that Slappy was either uninsured or underinsured at the time of the accident and did not address any of the other arguments raised in the motions for summary judgment. Accordingly, for purposes of this appeal, we will address only the issue resolved by the trial court.
 {¶ 12} In her first assignment of error, plaintiff contends that the trial court erred in granting summary judgment in favor of defendants on the ground that plaintiff was not entitled to UM/UIM benefits under former R.C. 3937.18 because she failed to produce evidence that Slappy was either an uninsured or underinsured motorist. More specifically, plaintiff maintains that the trial court failed to construe all the available evidence most strongly in favor of plaintiff as required by Civ.R. 56(C), and improperly determined the credibility of two witnesses who provided conflicting testimony on the issue.
 {¶ 13} Former R.C. 3937.18 requires that insurers offer UM and UIM coverage to those insured under automobile liability or motor vehicle liability policies of insurance. R.C. 3937.18(A)(1) states that UM coverage is to provide protection for, among other things, bodily injury for insureds who are legally entitled to recover damages from owners or operators of uninsured motor vehicles. R.C. 3937.18(A)(2) provides the same protection for insureds legally entitled to recover damages from owners or operators of underinsured motor vehicles. Implicit in the mandate to offer UM/UIM coverage, and by extension, in an insured's entitlement to recover UM/UIM benefits, is the prerequisite that the tortfeasor be either uninsured or underinsured.
 {¶ 14} Plaintiff alleged in her complaint for declaratory judgment that Slappy was uninsured at the time of the accident. She further alleged that she filed a UM claim with her own insurance carrier and eventually received $15,000 in UM benefits under that policy. In their motions for summary judgment, defendants disputed whether Slappy was uninsured or underinsured at the time of the accident. Under Dresher, as the parties moving for summary judgment, defendants bore the initial burden of identifying those portions of the record demonstrating the absence of a genuine issue of material fact on this element of plaintiff's claim.
 {¶ 15} Defendants point to Slappy's deposition testimony, wherein he stated that he was insured at the time of the accident, and to the police report of the accident listing "Snyder" as Slappy's insurance agent as evidence demonstrating the absence of a genuine issue of material fact on the disputed issue. This evidence satisfies defendants' initial burden under Dresher. The burden then shifted to plaintiff to set forth specific facts showing there is a genuine issue for trial. Plaintiff points to Slappy's additional deposition testimony which reveals that he could not provide the name or address of his alleged insurance carrier, could not recall whether he purchased the insurance through a particular agent, and could not recall reporting the accident to his insurer.
 {¶ 16} Plaintiff further relies upon her own deposition testimony in which she stated that it was her understanding, gleaned from conversations with the attorney that represented her in the civil action against Slappy, that Slappy was not insured at the time of the accident. In addition, she testified that she received $20,000 from her own insurance carrier.
 {¶ 17} As the party against whom the motion for summary judgment was made, plaintiff is entitled, under Civ.R. 56(C), to have all inferences drawn in her favor. Applying that standard, certain facts here convince us that a genuine issue of fact exists, thus precluding summary judgment, on the threshold issue of whether Slappy was an uninsured motorist at the time of the accident. While Slappy testified that he was insured at the time of the accident, his additional testimony that he could not remember the name or address of the insurance company and could not recall reporting the accident to his insurer, when construed in favor of plaintiff, creates a reasonable inference that he may not have been insured. The trial court's decision suggests that it did not consider such an inference. Although the trial court noted in its factual recitation of the deposition testimony that Slappy could not recall what company issued his alleged policy, the trial court merely concluded: "Mr. Slappy testified that he had auto insurance at the time he struck [Plaintiff]. * * * Thus, he is not an uninsured motorist for which the Plaintiff may recover under R.C. 3937.18(A)(1)."
 {¶ 18} Further, while plaintiff's testimony that she understood Slappy to be uninsured is hearsay and inadmissible for the truth of the matter since it was obtained from her attorney and was not a matter of personal knowledge, it may be used to explain why she submitted a claim for and was paid UM benefits under her own insurance policy. Additionally, her insurance carrier paid her UM claim giving rise to a reasonable inference that the insurance carrier conducted at least a minimal investigation into Slappy's insurance status and concluded that he was uninsured, thus entitling plaintiff to benefits under her own policy. It is clear that the trial court did not consider this evidence and the inferences reasonably drawn therefrom in making its decision. Indeed, the trial court stated that plaintiff had not offered any Civ.R. 56(C) evidence to rebut Slappy's testimony that he was insured at the time of the accident. Unfortunately, better evidence to rebut Slappy's questionable testimony is not available because files had been destroyed due to the time lag. It does seem to be incredible that Slappy was insured and yet allowed $500,000 default judgment to be entered.
 {¶ 19} When there is an issue concerning the credibility of an essential witness, such as bias, interest, etc., whose testimony must be believed, summary judgment should not be granted and the matter should be resolved at trial where the trier of fact has an opportunity to observe the demeanor of the witnesses. Dulce v. Sanymetal Products Co. (1972),31 Ohio App.2d 78; Killilea v. Sears, Roebuck Co. (1985),27 Ohio App.3d 163.
 {¶ 20} Since there is a genuine issue of fact concerning whether Slappy was insured, the trial court erred in granting summary judgment to defendants. Plaintiff's first assignment of error is sustained.
 {¶ 21} As noted above, because the trial court relied exclusively upon plaintiff's alleged failure to prove that Slappy was an uninsured or underinsured motorist in determining that plaintiff was not entitled to UIM benefits under former R.C. 3937.18, it did not address any of the other issues raised by the parties in their motions for summary judgment. All parties raise these arguments in their briefs before this court. However, the trial court has not yet considered any of these issues. It is well-established that questions not considered by a trial court will not be ruled upon by this court. Mills-Jennings, Inc. v. Dept. of Liquor Control (1982), 70 Ohio St.2d 95, 99. Accordingly, on remand, at the proper time, if necessary, the trial court must consider the parties' contentions regarding whether the policies are governed by Ohio law or the law of a foreign state. Further, if it is determined that Ohio law governs plaintiff's claims, the court must next consider whether plaintiff qualifies as an insured under the policies pursuant to Scott-Pontzer and its progeny. Finally, if it is determined that plaintiff is an insured under the policies, the court must then determine whether plaintiff breached any notice of claim or subrogation-related provisions in the policies, and, if so, whether defendants were prejudiced thereby. For this analysis, this court directs the trial court's attention to the Ohio Supreme Court's recent decision in Ferrando v. Auto-Owners Mut. Ins. Co., 98 Ohio St.3d 186, 2002-Ohio-7217.
 {¶ 22} For the foregoing reasons, plaintiff's first assignment of error is sustained, rendering the second, third and fourth assignments of error, as well as all three of the assignments of error raised in AMICO's cross-appeal, not before this court now.
 {¶ 23} The judgment of the Franklin County Court of Common Pleas is reversed and this matter is remanded to that court for further proceedings in accordance with law and consistent with this opinion.
Judgment reversed and remanded.
PETREE, P.J., and BROWN, J., concur.
McCORMAC, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution.
[1] Where appropriate, Great American, American National and AMICO will be collectively referred to as "defendants."
[2] Pursuant to Ross v. Farmers Ins. Group of Cos. (1998),82 Ohio St.3d 281, syllabus, the version of R.C. 3937.18, effective October 14, 1986, applies in this case.