DECISION AND JUDGMENT ENTRY
{¶ 1} This accelerated appeal is from the January 14, 2005 judgment of the Lucas County Court of Common Pleas, which granted summary judgment to appellee, Carpet Barn Tile House, and dismissed the complaint of appellants, Sharon C. and Paul T. Longlott. Upon consideration of the assignments of error, we affirm the decision of the lower court. Appellants assert the following single assignment of error on appeal:
 {¶ 2} "The Trial Court erred in granting the Motion for Summary Judgment and in dismissing the Complaint based on the doctrine of respondeat superior."
 {¶ 3} Appellants asserted in their complaint that appellee was negligent when carpet installers left appellants' home with only the tackless strips and carpet padding installed, but not the carpeting. As a result, appellant Sharon Longlott tripped on the tackless strips and severely injured her leg. Appellee moved for summary judgment arguing that it was not liable for appellants' injuries because the installer, an independent contractor, created the conditions that caused Sharon Longlott's fall. The trial court agreed that appellants could not establish a claim under the doctrine of respondeat superior because appellee did not control the manner or means of performing the carpet installation. The trial court granted summary judgment to appellee and dismissed appellants' complaint.
 {¶ 4} On appeal, appellants argue that appellee was liable for the negligence of the carpet installer because it could not absolve itself of liability merely by hiring an independent contractor. They argue that appellee had the duty to install the carpeting properly and, therefore, retained liability for the work. Appellants also argue that appellee retained complete control over the installation of the carpeting because it had sole control over selection of the installer, it paid the installer on a weekly basis rather than by the job, and it directed the installer to perform the work.
 {¶ 5} We find that all of appellant's arguments lack merit. Under the doctrine of respondeat superior, an employer will have derivative liability for another's negligence when that tortfeasor was acting as an agent or "servant" of the employer/"master." Albain v. Flower Hospital
(1990), 50 Ohio St.3d 251, 255, reversed on other grounds in Clark v.Southview Hosp. and Family Health Center (1994), 68 Ohio St.3d 435 at the syllabus; Strock v. Pressnell (1988), 38 Ohio St.3d 207, 217; and Restatement of the Law 2d, Agency (1958), 481, Sec. 291(1). However, the doctrine does not apply to the employer/independent contractor relationship. Albain v. Flower Hospital, supra, and Restatement of the Law 2d, Torts (1965), 370, Sec. 409. The determination of whether a party is acting as an employee or independent contract turns on the facts and circumstances of each case. Duke v. Sanymetal Products Co. (1972),31 Ohio App.2d 78, 81-82. A key issue in determining whether the party is an employee or independent contractor is whether the employer has the right to control the "mode and manner" of accomplishing the contracted work. Councell v. Douglas (1955), 163 Ohio St. 292, at paragraph one of the syllabus, and Duke v. Sanymetal Products Co., supra at 82.
 {¶ 6} It is undisputed in this case that the carpet installer was an independent contractor. Appellee's manager testified that the salesperson would have directed the installer to install the carpeting. When the buyer discovered a defect in the carpet and did not want it installed, the manager told the installer to return the carpet to the store for replacement. The manager did not inquire as to whether the installer had installed the pad and tackless strips. Appellee did not control the manner of installation or the state in which the installer left the house while the carpet was being returned. The installer testified that he alone determines how he will install the carpet. He did not install the defective carpet in this case solely because Mr. Longlott did not want it installed.
 {¶ 7} Furthermore, appellants have failed to demonstrate that one of the three exceptions to the independent contractor rule are applicable in this case (appellee acted negligently by hiring the installer; that the installation of carpeting was a "non-delegable" duty; or that the installer was appellee's agent by estoppel). See, Albain v. FlowerHospital, supra at 257 and Clark v. Southview Hosp. and Family HealthCenter, supra.
 {¶ 8} Accordingly, we find that the trial court properly found that reasonable minds could only conclude that the installer was an independent contractor. Therefore, as a matter of law, appellee could not be liable for the negligence of the installer. See Civ. R. 56(C). Appellants' sole assignment of error is not well-taken.
 {¶ 9} Having found that the trial court did not commit error prejudicial to appellants and that substantial justice has been done, the judgment of the Lucas County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal; for which sum, judgment is rendered against appellants on behalf of Lucas County, and for which, execution is awarded. See App. R. 24.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App. R. 27. See, also, 6th Dist. Loc. App. R. 4, amended 1/1/98.
Handwork, J., Pietrykowski, J., Parish, J., Concur.