DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment entry by the Erie County Court of Common Pleas granting summary judgment in favor of appellee, American General Life Insurance Company. For the reasons that follow, we affirm the judgment of the trial court.
 {¶ 2} On or about November 12, 2001, appellant, Rubin Johnson, requested a partial surrender of a life insurance policy that he had with American General. Johnson's request was made in writing, on a form prepared by American General.
 {¶ 3} The form, which listed Johnson's address as 1703 Pierce Street, Sandusky, Ohio 44870, was signed by Johnson and his then-wife, Marion Martin, f.k.a. Marion Johnson.[1] On November 27, 2001, American General honored the partial surrender request and mailed a check in the amount of $2,997 to the address listed on the form.
 {¶ 4} Unbeknownst to American General, Johnson no longer lived at the Pierce Street address. Based upon undisputed evidence received from SunTrust Bank, which was American General's bank, and National City Bank, which was Marion's bank, there is no question that Marion received the insurance proceeds that Johnson requested. Apparently, she had taken Johnson's check and deposited it into her own account.
 {¶ 5} On or about January 2, 2002, Johnson had a telephone conversation with Polly Givens, a compliance analyst for American General. During that telephone conversation, Givens advised Johnson that, pursuant to his partial surrender request, American General had sent him a check in the amount of $2,997, and that the check had been mailed to the address listed on the form.
 {¶ 6} Because Johnson indicated that he did not receive the check, Givens sent him an affidavit of forgery, which, when executed, could be sent through normal banking channels in an effort to recover the funds for him. Givens did not promise Johnson that American General would recover the funds for him.
 {¶ 7} On January 10, 2002, Givens advised Johnson that the affidavit of forgery had been received and that she had forwarded it to American General's treasury department. On January 18, 2002, Basil Pollard, a supervisor in American General's treasury department, sent the original check and the signed affidavit of forgery to SunTrust Bank. Pollard requested that SunTrust Bank credit American General's account with the proceeds of the check.
 {¶ 8} On or about February 2002, American General received a copy of the correspondence that SunTrust Bank had sent to National City Bank, the cashing bank, in an effort to recover the proceeds of the check. On or around March 2, 2002, National City Bank declined to credit the proceeds from the check on the grounds that "the funds were deposited to the payee's account."
 {¶ 9} On May 24, 2002, Givens received correspondence from attorney George Evans, who was Johnson's counsel at the time. In response to that correspondence, she forwarded to Evans the letter that American General had received from National City Bank. In addition, she suggested to Evans that since National City Bank, and not American General, had declined reimbursement of the funds, Johnson should contact the bank.
 {¶ 10} On or about April 25, 2005, Johnson filed an amended complaint against American General and American General insurance agent Sid Cisco for damages allegedly sustained as a result of American General's refusal to reimburse Johnson for the insurance proceeds that had allegedly been taken by his wife. The first part of the amended complaint, which is untitled, appears to assert claims against American General for breach of contract, bad faith, fraud, and negligent misrepresentation. The second part, titled "Count Two," appears to assert claims against agent Cisco for negligence and bad faith.
 {¶ 11} On or about September 30, 2005, American General filed its motion for summary judgment. Johnson opposed this motion, alleging that American General had acted negligently and breached its fiduciary duty to him when it failed to sue SunTrust Bank for recovery of the missing funds. American General filed a reply, and on December 13, 2005, the trial court granted summary judgment in favor of American General and Cisco.
 {¶ 12} Johnson timely appealed the entry of judgment in favor of American General. He raises the following assignments of error:
 {¶ 13} I. "THE TRIAL COURT COMMITTED PREJUDICIAL ERROR BY GRANTING THE APPELLEE AMERICAN GENERAL'S MOTION FOR SUMMARY JUDGMENT WHEN THERE EXISTED A GENUINE ISSUE OF MATERIAL FACT."
 {¶ 14} II. "THE TRIAL COURT ABUSED ITS DISCRETION BY NOT EXTENDING THE TIME TO FILE MOTIONS AND RULING ON THE MOTION FOR SUMMARY JUDGMENT BEFORE THE COURT ORDERED DISCOVERY COMPLETED. PARTICULARLY WHEN THERE WAS NO TRIAL DATE SET."
 {¶ 15} We begin with an examination of Johnson's first assignment of error, wherein she claims that summary judgment was improperly granted in this case because there existed a genuine issue of material fact.
 {¶ 16} An appellate court reviewing a trial court's granting of summary judgment does so de novo, applying the same standard used by the trial court. Grafton v. Ohio Edison Co. (1996),77 Ohio St.3d 102, 105. Civ.R. 56(C) provides:
 {¶ 17} "* * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as considered in this rule. * * *"
 {¶ 18} Summary judgment is proper where: (1) no genuine issue of material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) when the evidence is viewed most strongly in favor of the nonmoving party, reasonable minds can come to but one conclusion, a conclusion adverse to the nonmoving party. Ryberg v. Allstate Ins. Co.
(July 12, 2001), 10th Dist. No. 00AP-1243, citing Tokles Son,Inc. v. Midwestern Indemnity Co. (1992), 65 Ohio St.3d 621, 629.
 {¶ 19} The moving party bears the initial burden of informing the trial court of the basis for the motion and identifying those portions of the record that demonstrate the absence of a genuine issue of fact as to an essential element of one or more of the non-moving party's claims. Dresher v. Burt (1996),75 Ohio St.3d 280, 292. Once this burden has been satisfied, the non-moving party has the burden, as set forth at Civ.R. 56(E), to offer specific facts showing a genuine issue for trial. Id.
 {¶ 20} Potential claims in this action are for breach of contract, bad faith, negligent misrepresentation, fraud, negligence, and breach of fiduciary duty. The claims for breach of contract, bad faith, negligent misrepresentation, and fraud, although not expressly named, were fairly evident in the amended complaint. The claims for negligence and breach of fiduciary duty were not as clearly evident, and were not even addressed by the parties until Johnson filed his "motion in opposition" to American General's motion for summary judgment.[2]
 {¶ 21} Looking at Johnson's appellate brief, it appears that he has chosen to abandon all of the claims set forth in his amended complaint except for the claim for bad faith. The majority of his arguments on appeal focus on the proposition that American General acted negligently and in bad faith, and in breach of its fiduciary duty to him, when it failed to sue SunTrust Bank for recovery of the missing funds. We will examine each of Johnson's potential claims in turn.
 {¶ 22} To prove a claim for breach of contract, a party must show: 1) the existence of a contract; 2) performance by the plaintiff; 3) breach by the defendant; and 4) damage or loss to the plaintiff. Nilavar v. Osborn (2000), 137 Ohio App.3d 469,483. In the instant case, there simply is no evidence that American General breached the contract. American General, in accordance with Johnson's own instructions, promptly sent a check for the partial surrender to the address listed in the form. Nothing in the policy provides that American General do anything more. Although American General undertook to investigate Johnson's claims of forgery and, thereafter, attempted to recover the funds for him through normal banking channels, nothing in the policy required the insurer to do any investigation or to sue any bank for its refusal to reimburse the funds.
 {¶ 23} Next we turn to Johnson's bad faith claim. Insurers have a duty to act in good faith in the processing and payment of the claims of their insureds. LeForge v. Nationwide Mut. Ins.Co. (1992), 82 Ohio App.3d 692, 697. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor."Zoppo v. Homestead Ins. Co. (1994), 71 Ohio St.3d 552, paragraph one of the syllabus. To prevail on a claim of bad faith, the insured "must prove that the insurer's refusal to pay a claim was totally arbitrary and capricious." Spremulli's Am.Serv. v. Cincinnati Ins. Co. (1992), 91 Ohio App.3d 317, 322. In the instant case, it is undisputed that American General, without delay, honored Johnson's partial surrender request by sending him a check at the address listed on the executed request form. Also undisputed is that Johnson's then-wife deposited the check and received the insurance proceeds. Because the undisputed evidence makes clear that American General paid Johnson's claim, we find that Johnson's claim for bad faith is unsupported and, therefore, was properly disposed of on summary judgment.
 {¶ 24} To establish a claim for fraud, a party must provide evidence of the following: (1) a representation, or where there is a duty to disclose, concealment of fact; (2) which is material to the transaction at hand; (3) made falsely, with the knowledge of its falsity, or with such utter disregard and recklessness as to whether it is true or false that knowledge may be inferred; (4) with the intent of misleading another into relying upon it; (5) justifiable reliance upon the representation or concealment; and (6) a resulting injury proximately caused by the reliance.Gaines v. Preterm-Cleveland, Inc. (1987), 33 Ohio St.3d 54, 55. Johnson has failed in this action to present any evidence of any misrepresentation made by American General. Accordingly, summary judgment was properly entered with respect to this claim.
 {¶ 25} In order to prove negligent misrepresentation, a party must demonstrate that one who, in the course of his business, profession or employment, or in any other transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.Haddon View Invest. Co. v. Coopers Lybrand (1982),70 Ohio St.2d 154. As discussed above, Johnson has not provided any evidence that American General supplied him with false information. Therefore, summary judgment was properly granted with respect to this claim.
 {¶ 26} Regarding Johnson's claims for negligence and breach of fiduciary duty, we note that "liability and negligence will not lie in the absence of a special duty owed by the defendant."Gelbman v. Second Nat. Bank of Warren (1984), 9 Ohio St.3d 77,78. "In Ohio, an insurance company has a fiduciary responsibility toward its insured to act in good faith toward its insured in carrying out its duties under the contract." Red Head Brass,Inc. v. Buckeye Union Ins. Co. (1999), 135 Ohio App.3d 616, 632. A breach of that fiduciary responsibility arises when the insurer fails to perform under the contract or unreasonably refuses to act in a prompt manner. Id. Applying the law to the instant case, we find that Johnson does not, and, in fact, cannot, establish that American General owed him any duty (fiduciary or otherwise) outside of their insurance contract. As discussed supra,
Johnson has not demonstrated that American General acted in bad faith, that it failed to perform under the contract, or that it unreasonably refused to act in a prompt manner in performing its contractual duties.
 {¶ 27} Johnson attempts, through pages of argument, to conjure up some "duty" that American General could be said to have breached. In support of this effort, Johnson refers to certain case law standing for the proposition that a bank will generally be liable to its customer where it pays a check that bears a forged drawer's signature. From this essentially irrelevant case law — which Johnson identifies as "pretty much dead on point", despite the fact that it deals with the relationship between a bank and its customer, rather than an insurer and its insured — Johnson draws the erroneous conclusion that American General had a duty as the drawer of the check to force its bank to reimburse the insurance proceeds and comply with Ohio law. Johnson further asserts — this time without any citation to legal authority — that "[e]ven if the `contractual duty' stopped at the sending of the check, American General's legal duty still continues." Finally, and most perplexingly, he asserts that "this legal duty to act in good faith precludes implying a duty to support a contract action." Despite Johnson's admittedly creative, and seemingly desperate, efforts, he fails to persuade us that American General owed him any legal duty beyond those established under the insurance contract. Accordingly, we find that summary judgment was properly granted with respect to Johnson's claims for negligence and for breach of fiduciary duty.
 {¶ 28} For all of the foregoing reasons, Johnson's first assignment of error is found not well-taken.
 {¶ 29} Next, we examine Johnson's second assignment of error, wherein he argues that the trial court abused its discretion by failing to extend the time to file motions and by ruling on American General's motion for summary judgment before the court-ordered deadline for the completion of discovery. According to Johnson, the timing of the granting of the motion for summary judgment resulted in the failure of the trial court to take into consideration pertinent information that was gathered at depositions and through discovery.
 {¶ 30} The law is well-settled that a trial court has broad discretion in controlling the discovery process, and that absent an abuse of discretion an appellate court may not overturn a trial court's ruling matters relating thereto. Radovanic v.Cossler (2000), 140 Ohio App.3d 208, 213. "Abuse of discretion" suggests more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219.
 {¶ 31} In the instant case, the trial court entered an order that set forth deadlines for the filing of motions and the completion of discovery. Pursuant to that order, which was objected to by Johnson, all motions were to be filed no later than October 1, 2005, all depositions were to be completed no later than December 1, 2005, and discovery was to be completed no later than January 5, 2006. Summary judgment was entered in the case on December 13, 2005, which was several weeks after the deposition deadline, and several weeks before the discovery deadline.
 {¶ 32} In considering whether the trial court abused its discretion in this case, we are mindful that Johnson, despite his earlier objections to the scheduling order, never requested leave to take additional discovery pursuant to Civ.R. 56(F). Nor did he file a motion to compel. Thus, at the time summary judgment was granted, the trial judge had no notification of any actual problem concerning the discovery in this case. Under these circumstances, we do not find that the trial court acted arbitrarily, unreasonably, or unconscionably when it issued the order granting summary judgment in this case. Because there was no abuse of discretion, Johnson's second assignment of error is found not-well taken.
 {¶ 33} For all of the foregoing reasons, the judgment of the Erie County Court of Common Pleas is affirmed. Appellant, Rubin Johnson, is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Singer, P.J. Skow, J. Parish, J. concur.
[1] Appellant signed as the primary insured, and Marion signed as a witness.
[2] American General appropriately raises the question of whether the claims against it for negligence and breach of fiduciary duty were ever properly pled and, therefore, whether they should be given any consideration by this court. In light of our determinations respecting those claims, we find that we need not reach this question.