SPREMULLI'S AMERICAN SERVICE, Appellant,

v.

CINCINNATI INSURANCE COMPANY, Appellee.

[Cite as *Spremulli's Am. Serv. v. Cincinnati Ins. Co.* (1992), 91 Ohio App.3d 317.]

Court of Appeals of Ohio,
Cuyahoga County.

No. 61213.

Decided Oct. 29, 1992.

*Mancino, Mancino & Mancino* and *Paul Mancino, Jr.,* for appellant.

*Ulmer & Berne* and *Ronald H. Isroff,* for appellee.

NAHRA, Presiding Judge.

Spremulli's American Service ("SAS"), plaintiff-appellant, appeals the court of common pleas' grant of summary judgment in favor of Cincinnati Insurance Company ("Cincinnati Insurance"), defendant-appellee.

SAS was issued an insurance policy by Cincinnati Insurance which covered SAS's business premises at 19548 Detroit Road, Rocky River, Ohio. Issued in 1984, such policy covered the period of July 8, 1984 to July 8, 1989.

On October 11, 1986, a retaining wall located behind SAS's business premises was damaged by a contractor who had been hired to undertake certain other construction activities. SAS submitted a claim to Cincinnati Insurance for the damage to the retaining wall. However, Cincinnati Insurance denied the claim since the policy did not cover the loss in question.

SAS then filed a complaint against the contractor who was also insured by Cincinnati Insurance.

On September 20, 1989, approximately three years after the retaining wall was damaged, SAS filed its claim against Cincinnati Insurance for the amount of the loss. In count one of its complaint, SAS sought recovery under the policy it had with Cincinnati Insurance; in count two, SAS sought compensatory and punitive damages against Cincinnati Insurance for the bad-faith denial of its claim.

On February 15, 1990, Cincinnati Insurance filed a motion for summary judgment on the basis that SAS's action was barred by the one-year limitation period contained in the policy and that the loss in question was not covered under the policy. On March 27, 1990, the trial court granted Cincinnati Insurance's motion for summary judgment with respect to count one of the complaint because the suit had not been filed within twelve months after the loss occurred. The trial court also granted Cincinnati Insurance leave to file a motion for summary judgment on count two of SAS's complaint. In filing such motion, Cincinnati Insurance appended the affidavit of Michael Gagnon, its Vice President and Property Claims Manager, who stated that SAS's two claims were treated separately by Cincinnati Insurance. He indicated that Patrick Heffernan, a claims representative, handled the initial property damage claim in October 1986, while the 1989 suit against Cincinnati Insurance was handled by Art Clutter, a claims adjuster at Cincinnati Insurance. Gagnon further stated that Heffernan was under his control while Clutter was under the direction of Robert Wallace of Cincinnati Insurance. Gagnon revealed that at no time did Cincinnati Insurance

consider that SAS's claim be denied so that SAS would be compelled to file an action against the contractor.

On May 14, 1990, the trial court granted Cincinnati Insurance's motion with respect to count two because SAS "offered no evidence of any 'arbitrary or capricious' conduct by defendant-appellee and/or has offered no evidence of any unreasonable or oppressive conduct." Furthermore, the trial court, in its entry dated December 20, 1990, found that SAS "has presented no evidence of ill-will, malice or otherwise to support a claim for punitive damages." SAS's timely appeal follows.

I

Appellant's first assignment of error states:

"The court committed prejudicial error in ruling that the claims of the plaintiff upon the insurance contract were barred by a one year provision in the contract when that one year limitation conflicted with other provisions and was not unambiguously set forth as a one year limitation."

■ Parties to an insurance contract may lawfully limit the time within which suit may be brought on the contract if the period fixed in the policy is reasonable and unambiguous. *Lane v. Grange Mut. Cos.* (1989), 45 Ohio St.3d 63, 543 N.E.2d 488; *Colvin v. Globe Am. Cas. Co.* (1982), 69 Ohio St.2d 293, 23 O.O.3d 281, 432 N.E.2d 167. In Ohio, a twelve-month contractual limitation provision has been deemed reasonable, valid, and enforceable. *Id.; Kelley v. Travelers Ins. Co.* (1983), 9 Ohio App.3d 58, 9 OBR 76, 458 N.E.2d 406.

■ The insurance policy issued to SAS by Cincinnati Insurance provides that "[n]o suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity * * * unless commenced within twelve months next after inception of the loss." The loss to SAS's retaining wall occurred on October 11, 1986. However, SAS filed suit some thirty-five months later on September 20, 1989. SAS's delay in filing suit caused the action to be barred under the contractual limitation.

SAS argues that the period of limitation set forth on the policy was not clear and unambiguous. SAS suggests that there are conflicting time periods mentioned in the policy; SAS refers to a contractual language that provides that no suit may be commenced until there is full compliance with all policy provisions. Yet, such language has nothing to do with the time period within which to file suit. We find that the limitations on the insurance policy are written in terms that are clear and unambiguous to the policyholder. The Ohio Supreme Court found the following contractual provision to be clear and unambiguous:

" 'Action Against The Company: No suit or action whatsoever or any proceeding instituted or processed in arbitration shall be brought against the company for the recovery of any claim under this coverage unless as a condition precedent thereto, the insured or his legal representative has fully complied with all of the terms of the policy and unless same is commenced within twelve months next after the date of the accident.' " *Colvin v. Globe Am. Cas. Co., supra.*

The similar language of the insurance policy in the case at bar is also clear and unambiguous. It provides:

"*SUIT.* No suit or action on this policy for the recovery of any claim shall be sustained in any court of law or equity unless all of the requirements of this policy shall have been complied with, and unless commencement within twelve months next after inception of the loss."

Since SAS's suit was filed some thirty-five months following the date of the occurrence giving rise to the claim, and because the twelve-month limitation was clear and unambiguous, the trial court's grant of summary judgment in favor of Cincinnati's Insurance on count one of the complaint was proper. Civ.R. 56.

Appellant's assignment of error is overruled.

## II

Appellant's second assignment of error states:

"The court committed prejudicial error in granting summary judgment as to the claim of the defendant with respect to a conflict of interest."

Summary judgment will be rendered in a case when "there is no genuine issue as to any material fact and * * * the moving party is entitled to judgment as a matter of law." Civ.R. 56(C). A court will look to the parties' pleadings to determine the issue and to see if any written admissions were made. The court then turns to the documentary evidence to determine whether a genuine issue of material fact exists. A genuine issue of material fact exists when the relevant factual allegations contained in the documentary evidence attached to a summary judgment motion and opposition brief are in conflict. *Duke v. Sanymetal Prods. Co.* (1972), 31 Ohio App.2d 78, 60 O.O.2d 171, 286 N.E.2d 324. Summary disposition is appropriate when reasonable minds can come to but one conclusion after reviewing the evidence and that conclusion is adverse to the nonmoving party. Civ.R. 56(C).

SAS contends that a genuine issue of material fact exists with respect to whether Cincinnati Insurance acted in bad faith and with actual malice in its denial of SAS's claim of coverage. SAS appears to argue that Cincinnati Insurance's bad faith stems from a conflict of interest as SAS's insurer as well as

the contractor's insurer. SAS maintains that Cincinnati Insurance acted in bad faith when it opted not to pay SAS on its policy and elected to defend a suit in negligence against the contractor, its other insured.

■ Based on the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of claims of its insured, and breach of this duty will give rise to a cause of action against the insurer. *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315. This cause of action lies in tort irrespective of any liability arising from a breach of the underlying contract. *Staff Builders, Inc. v. Armstrong* (1988), 37 Ohio St.3d 298, 525 N.E.2d 783. Punitive damages may be recovered against an insurer if the insurer breaches its duty to act in good faith. *Id.* at paragraph two of the syllabus. However, mere refusal to pay insurance claim is not, in itself, conclusive of an insurer's bad faith. *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464. An insured must prove that the insurer's refusal to pay a claim was totally arbitrary and capricious and without reasonable justification. An insured must also provide proof of actual malice, fraud, or insult on the part of the insurer in order to warrant punitive damages. *Olbrich v. Shelby Mut. Ins. Co.* (1983), 13 Ohio App.3d 423, 13 OBR 510, 469 N.E.2d 892.

■ Actual malice, necessary for an award of punitive damages, has been defined as "that state of mind under which a person's conduct is characterized by hatred or ill will, a spirit of revenge, retaliation, or a determination to vent his feelings upon other persons." *Columbus Finance, Inc. v. Howard* (1975), 42 Ohio St.2d 178, 183–184, 71 O.O.2d 174, 176–77, 327 N.E.2d 654, 658; see, also, *Preston v. Murty* (1987), 32 Ohio St.3d 334, 512 N.E.2d 1174.

■ Paul Spremulli, SAS's owner, testified in his deposition that he believed Cincinnati Insurance acted in bad faith because it denied SAS's claim. Such assertion alone is not a basis for establishing bad faith. *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464.

Richard McKeon, a Cincinnati Insurance adjuster, stated in his affidavit that Cincinnati Insurance had a good faith belief that the loss was not covered. Further, Paul Spremulli admitted that he was treated professionally and politely by representatives of Cincinnati Insurance at all times.

Michael Gagnon stated in his affidavit that the two claims were handled separately and in the customary way.

Our review of the documentary materials indicated that there was no genuine issue of material fact concerning Cincinnati Insurance's bad faith in denying the claim and no proof that Cincinnati Insurance acted with actual malice. Civ.R. 56(C).

Appellant's assignment of error is overruled.

Accordingly, the judgment of the trial court is affirmed.

*Judgment affirmed.*

JAMES D. SWEENEY and KRUPANSKY, JJ., concur.