**MENTOR CHIROPRACTIC CENTER, INC. et al., Appellants,**

**v.**

**STATE FARM FIRE AND CASUALTY COMPANY, Appellee.**

[Cite as *Mentor Chiropractic Ctr., Inc. v. State Farm*
*Fire & Cas. Co.* (2000), 139 Ohio App.3d 407.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 99–L–145.

Decided Oct. 2, 2000.

*Rubenstein, Novak, Einbund & Pavlik, L.L.P., William J. Novak* and *David W. Skall,* for appellants.

*Ulmer & Berne, L.L.P., Harold H. Reader* and *David L. Lester,* for appellee.

FORD, Presiding Judge.

This is an appeal from the Lake County Court of Common Pleas. Appellants, Mentor Chiropractic Center, Inc. ("Mentor Chiropractic") and Gregg Battersby ("Battersby"), appeal the trial court's judgment entry dated September 3, 1999, granting the summary judgment motion of appellee, State Farm Fire and Casualty Company.

The facts of this case reveal that appellants were defendants in a sexual harassment and discrimination matter, which was filed by Kelly McCord ("McCord") in 1994. At the time of the lawsuit, appellant Mentor Chiropractic owned a policy of liability insurance with appellee. Appellants were represented by both counsel of their own and counsel retained by appellee under a reservation of rights. The case eventually went to trial and resulted in a jury verdict in favor of McCord in February 1996. On March 7, 1996, appellee sent a letter to appellants stating that it would not provide coverage under the policy for the McCord jury award.

Thereafter, in June 1996, appellee filed a declaratory judgment action, and appellants filed a counterclaim alleging that appellee acted in bad faith in failing to provide proper and competent counsel to defend them in the McCord lawsuit. In the counterclaim, appellants also alleged that appellee's conduct caused them significant damages, including additional attorney fees. Appellee filed a motion for partial summary judgment, which the trial court granted in July 1997. Appellants proceeded to voluntarily dismiss the counterclaim without prejudice. Appellee then dismissed all of its remaining claims for declaratory relief.

Subsequently, on May 7, 1998, appellants filed another action against appellee with similar claims.[1] Appellee filed its answer on September 17, 1998. On June 8, 1999, appellee moved for summary judgment. The trial court granted appellee's motion on September 3, 1999. It is from that entry that appellants timely filed the instant appeal and now assert the following as error:

"[1.] The [t]rial [c]ourt committed reversible error in granting summary judgment, as Ohio law provides that an insured may bring a claim for damages caused by an insurer's bad faith breach of contract in defending a lawsuit, notwithstanding the absence of a legal malpractice claim against appointed counsel and/or the participation of independent counsel; and

"[2.] The [t]rial [c]ourt committed reversible error in granting summary judgment, as [appellants] presented competent evidence that raised issues of fact

---

1. This complaint was initially filed in the Cuyahoga County Court of Common Pleas. However, the action was transferred to the Lake County Court of Common Pleas for lack of proper venue.

as to credibility of witnesses and weight of evidence which were reserved for the jury and not properly resolved through summary judgment."

As appellants' assignments of error are interrelated, they will be addressed in a consolidated fashion. Appellants argue that the trial court erred in granting appellee's motion for summary judgment because appellants could bring a claim for damages caused by appellee's bad faith breach of contract in defending a lawsuit. Further, appellants allege that they presented competent evidence as to the credibility of the witnesses and the weight of the evidence, which were jury issues and were not properly resolved through summary judgment.

In order for a summary judgment to be granted, the moving party must prove:

" * * * (1) [N]o genuine issue as to any material fact remains to be litigated, (2) the moving party is entitled to judgment as a matter of law, and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made." *Mootispaw v. Eckstein* (1996), 76 Ohio St.3d 383, 385, 667 N.E.2d 1197, 1199.

The Supreme Court stated in *Dresher v. Burt* (1996), 75 Ohio St.3d 280, 296, 662 N.E.2d 264, 276:

"[T]he moving party bears the initial responsibility of informing the trial court of the basis for the motion, *and identifying those portions of the record which demonstrate the absence of a genuine issue of fact on a material element of the nonmoving party's claim.* The 'portions of the record' to which we refer are those evidentiary materials listed in Civ.R. 56(C), such as the pleadings, depositions, answers to interrogatories, etc., that have been filed in the case. * * *" (Emphasis *sic.*)

If the moving party satisfies this burden, then the nonmoving party has the burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact. *Id.* If the nonmoving party does not satisfy this burden, then summary judgment is appropriate. Civ.R. 56(E).

Appellate courts review a trial court's granting of summary judgment *de novo. Brown v. Scioto Cty. Bd. of Commrs.* (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153, 1157–1158. The *Brown* court stated that "[w]e review the judgment independently and without deference to the trial court's determination." *Id.* An appellate court must evaluate the record "in a light most favorable to the nonmoving party." *Link v. Leadworks Corp.* (1992), 79 Ohio App.3d 735, 741, 607 N.E.2d 1140, 1144. Furthermore, a motion for summary judgment must be overruled if reasonable minds could find for the party opposing the motion. *Id.*

In the case at bar, appellants argue that appellee acted in bad faith. Appellants also claim that appellee is liable for the malpractice of the attorney they retained. Further, appellants declare that they presented competent evidence as to the credibility of the witnesses and the weight of the evidence, and, therefore, these issues should have been presented to the jury.

On the other hand, appellee alleges that appellants' arguments lack merit for many reasons: (1) appellants' claims were first asserted as compulsory counterclaims in a prior declaratory action, and, thus, appellants waived the claims by dismissing them[2]; (2) appellee cannot be held liable for any malpractice of an independent contractor defense attorney or for negligence in the handling of an insured's claim; (3) appellee was not obligated to pay for personal counsel; and (4) since appellants were represented by personal counsel throughout the McCord lawsuit, any failure to retain personal counsel could not have been the proximate cause of any damage.

It is well settled that "[b]ased upon the relationship between an insurer and its insured, an insurer has the duty to act in good faith in the handling and payment of the claims of its insured. A breach of this duty will give rise to a cause of action in tort against the insurer." *Hoskins v. Aetna Life Ins. Co.* (1983), 6 Ohio St.3d 272, 6 OBR 337, 452 N.E.2d 1315, paragraph one of the syllabus. Mere refusal to pay a claim is not conclusive of an insurer's bad faith. *Helmick v. Republic–Franklin Ins. Co.* (1988), 39 Ohio St.3d 71, 529 N.E.2d 464, paragraph two of the syllabus. "An insurer fails to exercise good faith in the processing of a claim of its insured where its refusal to pay the claim is not predicated upon circumstances that furnish reasonable justification therefor." *Zoppo v. Homestead Ins. Co.* (1994), 71 Ohio St.3d 552, 644 N.E.2d 397, paragraph one of the syllabus. To prevail on a claim of bad faith, the insured "must prove that the insurer's refusal to pay a claim was totally arbitrary and capricious." *Spremulli's Am. Serv. v. Cincinnati Ins. Co.* (1992), 91 Ohio App.3d 317, 322, 632 N.E.2d 599, 602.

Summary judgment is appropriately granted to the defendant on a claim of bad faith where the record is devoid of any evidence tending to show a lack of good faith on the part of the defendant. See *Labate v. Natl. City Corp.* (1996), 113 Ohio App.3d 182, 680 N.E.2d 693.

In the case *sub judice*, appellants contend that other insurance defense attorneys retained by appellee in the past or in other matters were paid more money, and as a result, were more competent than the attorney retained by

---

2. This argument will not be addressed because it is not technically before us, since the trial court did not address it, nor was it assigned as error.

appellee to represent appellants in the McCord lawsuit. Specifically, appellants maintain that appellee hired an attorney at a rate of $70 per hour to represent them, which was less expensive than the $95 per hour appellee has paid other lawyers for litigation defense. Moreover, appellants' claim that the counsel retained by appellee to represent them had never tried a sexual harassment case before. However, appellants offered no other proof in support of this contention. Thus, there is no genuine issue of material fact that appellee acted in bad faith or that appellee breached its duty to act in good faith regarding the issue of attorney representation.

Appellants also assert that appellee is liable for the malpractice of the counsel it retained for appellants.

This court has stated:

" 'We do not accept the claim that vicarious liability falls on one who retains independent trial counsel to conduct litigation on behalf of a third party when retained counsel have conducted the litigation negligently * * *. In our view independent counsel retained to conduct litigation in the courts act in the capacity of independent contractors responsible for the results of their conduct and not subject to the control and direction of their employer over the details and manner of their performance. By its very nature the duty assumed by [the insurance company] to defend its assured against suits must necessarily be classified as a delegable duty, understood by all parties as such, for [the insurance company] had no authority to perform that duty itself and, in fact, was prohibited from appearing.' (Citations omitted.)" *Junction Auto Sales v. Universal Underwriters Ins. Co.* (Nov. 8, 1991), Geauga App. No. 90–G–1587, unreported, at 4, 1991 WL 233832, quoting *Merritt v. Reserve Ins. Co.* (1973), 34 Cal.App.3d 858, 110 Cal.Rptr. 511.[3]

In the present matter, the record demonstrates that appellee retained counsel for appellants under its policy with appellants. Hence, pursuant to *Junction Auto Sales,* unless there was evidence to contradict the general rule, this independent counsel retained to conduct litigation in the courts acted in the capacity of an independent contractor responsible for the results of his conduct and was not subject to the control and direction of appellee over the details and manner of his performance.

In addition, appellant Battersby hired his own counsel independent of the attorney retained by appellee in both his and appellant Mentor Chiropractic's

---

3. However, we note that if there is evidence to show that an insurance company interfered with the strategy of the counsel it retained, then under a given fact scenario, such counsel might be found not to be an independent contractor. Here, there was no evidence that appellee interfered with the attorney's strategy.

interest.  This attorney monitored the performance of counsel retained by appellee.  The record does not reflect that appellants complained about the competency of the attorney hired by appellee at any time before the jury verdict.

Further, in the deposition testimony of Zachary Hill, one of appellee's agents, he stated that although he was not familiar with the "background [of the attorney retained by appellee] with regards to sexual harassment cases[,]" he "was comfortable with [his] handling this case * * * [because] [f]rom past claims, [he] had been successful in defending insureds and he was also one who was successful in trial."  After examining the record before us, we conclude that appellants did not present any evidence to refute appellee's evidential submissions as to the competency of trial counsel.  Appellants merely tried to infer that other insurance defense attorneys retained by appellee were paid more money, and, thus, since they were paid more, they were more competent.

Appellants also claim that appellee acted in bad faith and breached its contract by failing to pay for appellant Battersby's personal counsel.  However, there was nothing in the insurance contract that obligated appellee to pay for appellants' personal attorney.  Consequently, appellants' assertions are not well founded.

It is our view that appellee demonstrated the absence of a genuine issue as to any material fact.  Appellants did not meet their burden pursuant to Civ.R. 56(E) to provide evidence demonstrating a genuine issue of material fact.  Therefore, based on the record before us, there is no genuine issue of material fact that appellee acted in bad faith.  Further, there was no evidence presented to show that the attorney committed any malpractice.  Accordingly, the trial court was correct in granting summary judgment in favor of appellee.

For the foregoing reasons, appellants' first and second assignments of error are not well taken.  Therefore, the judgment of the Lake County Court of Common Pleas is affirmed.

*Judgment affirmed.*

NADER and WILLIAM M. O'NEILL, JJ., concur.