[Cite as *Alcus v. Bainbridge Twp.*, 2020-Ohio-626.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| JAMES ALCUS, et al., | : | **O P I N I O N** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2019-G-0206** |
| BAINBRIDGE TOWNSHIP, et al., | : | |
| Defendants-Appellees, | : | |
| STATE FARM FIRE & CASUALTY COMPANY, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Geauga County Court of Common Pleas, Case No. 2017 P 000872.

Judgment: Reversed and remanded.

*Kathleen J. St. John* and *David A. Herman,* Nurenberg, Paris, Heller & McCarthy, 600 Superior Avenue, E., Suite 1200, Cleveland, Ohio 44114 (For Plaintiffs-Appellees).

*Douglas G. Leak, Kenneth A. Calderone,* and *Catherine E. Nagy,* Hanna, Campbell & Powell, LLP, 3737 Embassy Parkway, Suite 100, Akron, 44333 (For Defendants-Appellees).

*James R. Gallagher* and *Laura E. Plank,* Gallagher Gams Tallan Barnes & Littrell, 471 East Broad Street, 19th Floor, Columbus, Ohio 43215 (For Defendant-Appellant).

MARY JANE TRAPP, J.

{¶1} Appellant, State Farm Fire & Casualty Company ("State Farm"), appeals the decision of the Geauga County Court of Common Pleas (1) granting summary

judgment to appellees, Bainbridge Township, the Bainbridge Township Trustees (collectively, the "Township"), and Francis Bularz ("Mr. Bularz"), against claims filed by appellees, James Alcus ("Mr. Alcus") and Patricia Alcus ("Mrs. Alcus") (collectively, the "Alcuses"), on the basis of political subdivision immunity pursuant to R.C. Chapter 2744, and (2) denying its motion for partial summary judgment on the Alcuses' claim for declaratory judgment.

{¶2} The Alcuses' claims against the Township and Mr. Bularz are based on Mr. Alcus' physical injuries and damage to his vehicle caused by a rolling backhoe that Mr. Bularz had parked in a negligent manner at the Township's service department premises prior to Mr. Alcus' arrival to pick up toolboxes his employer had purchased. The Alcuses also filed a claim against State Farm seeking a declaratory judgment that State Farm does not have any right of subrogation or reimbursement, or alternatively, that any such right is subordinate to and dependent on the Alcuses' right to receive full compensation for all injuries and damages.

{¶3} Since State Farm's rights depend on the outcome of the Alcuses' underlying action with the Township and Mr. Bularz, State Farm argues the trial court erred by (1) granting summary judgment to the Township on the basis that the exception to political subdivision immunity under R.C. 2744.02(B)(4) does not apply, (2) granting summary judgment to the Township on the basis that the defense to liability under R.C. 2744.03(A)(5) applies, and (3) granting summary judgment to Mr. Bularz on the basis that Mr. Bularz's failure to engage the parking brake did not constitute reckless or wanton conduct pursuant to the exception to political subdivision employee immunity under R.C. 2744.03(A)(6)(b).

2

{¶4} State Farm also argues that the trial court erred by denying its motion for partial summary judgment on the Alcuses' declaratory judgment claim, asserting (1) it has a statutory right to a lien under New York law against any recovery Mr. Alcus receives, and (2) New York law permits State Farm to seek reimbursement of the total amount of its entire statutory lien.

{¶5} After a careful review of the record and pertinent law we find as follows:

{¶6} First, State Farm's assignments of error relating to the Alcuses claims against the Township and Mr. Bularz (collectively, the "Township defendants") are moot as a result of our decision in *Alcus v. Bainbridge Twp.*, 11th Dist. Geauga No. 2019-G-0205, 2020-Ohio-543 ("*Alcus I*"), where we reversed the trial court's decision granting summary judgment to the Township defendants.

{¶7} Second, it appears the trial court denied State Farm's motion for partial summary judgment because its determination that the Township defendants were immune from liability rendered it moot. Our decision in *Alcus I* makes State Farm's motion no longer moot. Therefore, the matter should be remanded to the trial court to determine in the first instance the merits of State Farm's arguments in support of partial summary judgment.

{¶8} Thus, we reverse the trial court's denial of State Farm's motion for partial summary judgment and remand for further proceedings.

**Substantive and Procedural History**

{¶9} The underlying facts regarding the Alcuses' claims against the Township and Mr. Bularz are set forth in *Alcus I*.

3

{¶10} At the time of his accident, Mr. Alcus was a resident of New York and was purchasing the toolboxes on behalf of his New York employer, Environmental Sewer & Drain, Inc. His employer had procured a workers' compensation and employers liability policy from State Farm. Following the accident, Mr. Alcus filed a claim for workers' compensation benefits, and State Farm paid certain benefits under the policy.

{¶11} In their complaint against the Township defendants, the Alcuses also named State Farm as a defendant and sought declaratory judgment that State Farm does not have any right of subrogation or reimbursement, or alternatively, that any such right is subordinate to and dependent on the Alcuses' right to receive full compensation for all injuries and damages.

{¶12} State Farm filed an answer, asserting that it has a right of subrogation and/or reimbursement to the extent of its payment to Mr. Alcus arising from the accident. State Farm did not file a counterclaim against the Alcuses or cross-claims against the Township defendants.

{¶13} State Farm participated in discovery as well as the parties' extensive summary judgment proceedings relating to the issue of governmental immunity.

{¶14} State Farm subsequently filed a motion for partial summary judgment on the issue of whether it has a right of reimbursement from Mr. Alcus.[1] Relevant here, State Farm argued: (1) New York law governed its claim for reimbursement against Mr. Alcus; (2) New York law grants State Farm a statutory lien against the proceeds of any recovery

---

1. In its motion, State Farm also asserted a right to subrogation against the Township defendants. Since State Farm has intentionally not appealed that issue, we will not summarize the parties' respective arguments.

4

Mr. Alcus receives, and (3) under New York law, State Farm is entitled to reimbursement of the total amount of its lien from any recovery Mr. Alcus receives.

{¶15} The Alcuses filed a brief in opposition, arguing that R.C. 2744.05(B)(1) precludes Mr. Alcus from recovering anything paid by State Farm as part of a damages award against the Township defendants and also precludes State Farm from seeking reimbursement from any recovery from which its benefits have been deducted. The Alcuses also argued that State Farm's position would violate Ohio public policy.

{¶16} State Farm filed a reply, arguing that it is inappropriate to use Ohio public policy to avoid applying New York law.

{¶17} In the same judgment entry in which the trial court granted the Township defendants' motions for summary judgment, the trial court also denied State Farm's motion for partial summary judgment without discussion.

{¶18} State Farm filed a notice of appeal. We issued an order to State Farm to show cause why its appeal should not be dismissed for lack of a final appealable order, since an order denying a motion for summary judgment is generally not a final appealable order. State Farm filed a memorandum, stating that the trial court's decision granting summary judgment in favor of the Township defendants rendered the Alcuses' remaining claims moot. State Farm cited this court's decision in *Fade v. Morris*, 11th Dist. Ashtabula No. 2015-A-0009, 2015-Ohio-5337, ¶21, where we held that "when a judgment on fewer than all claims renders the remaining claims moot, it becomes a judgment on all the claims and Civ.R. 54(B) no longer applies." We subsequently issued a judgment entry indicating that our jurisdictional concerns were resolved.

5

{¶19} State Farm now sets forth the following four assignments of error for our review:

{¶20} "[1.] The trial court erred in denying State Farm's motion for partial summary judgment on the issue of whether State Farm is entitled to a lien upon *any* recovery Mr. Alcus receives from the Township Defendants and/or Defendant Bularz.

{¶21} "[2.] The trial court erred in granting summary judgment to Bainbridge Township and/or the Bainbridge Township Trustees (hereinafter "the Township Defendants") on the grounds that the exception to immunity outlined in O.R.C. § 2744.02(B)(4) does not apply.

{¶22} "[3.] The trial court erred in granting summary judgment to the Township Defendants on the grounds that the Township Defendants were entitled to immunity under O.R.C. §2744.03(A)(5).

{¶23} "[4.] The trial court erred in granting summary judgment to Defendant Bularz based upon the conclusion that Defendant Bularz's failure to engage the parking brake did not constitute reckless or wanton conduct pursuant to O.R.C. § 2744.03(A)(6)."

**Standard of Review**

{¶24} We review de novo a trial court's order denying summary judgment. *Meeker R & D, Inc. v. Evenflo Co.*, 11th Dist. Portage Nos. 2014-P-0060 & 2015-P-0017, 2016-Ohio-2688, ¶24. "A reviewing court will apply the same standard a trial court is required to apply, which is to determine whether any genuine issues of material fact exist and whether the moving party is entitled to judgment as a matter of law." *Sabo v. Zimmerman*, 11th Dist. Ashtabula No. 2012-A-0005, 2012-Ohio-4763, ¶9.

**Grant of Summary Judgment to the Township and Mr. Bularz**

{¶25} We will address State Farm's assignments of error out of order and collectively for ease of discussion.

{¶26} In his second, third, and fourth assignments of error, State Farm challenges the trial court's decision to grant summary judgment to the Township defendants based on political subdivision immunity under R.C. Chapter 2744.

{¶27} In *Alcus I*, we found that the trial court erred by granting summary judgment to the Township defendants because the Alcuses met their burden to establish an exception to political subdivision immunity. Thus, based on our decision in *Alcus I*, State Farm's second, third, and fourth assignments of error are moot.

**Denial of Partial Summary Judgment to State Farm**

{¶28} In its first assignment of error, State Farm argues the trial court erred in denying its motion for partial summary judgment on the issue of whether it is entitled to a lien on Mr. Alcus' recovery from the Township defendants.

{¶29} The trial court denied State Farm's motion without discussion, presumably because its determination that the Township defendants were immune from liability rendered it moot. Thus, the trial court did not consider the merits of State Farm's arguments. Since we have reversed the trial court's decision granting summary judgment to the Township defendants in *Alcus I*, State Farm's motion is no longer moot. *See Teeter v. Teeter*, 7th Dist. Carroll No. 13 CA 887, 2014-Ohio-1471, ¶38.

{¶30} Where the trial court does not rule on a summary judgment argument because it finds it moot, it is not proper for the appellate court in the first instance to address the argument. *Carney v. Shockley*, 7th Dist. Jefferson No. 14 JE 9, 2014-Ohio-

7

5830, ¶48; *see Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 360 (1992) ("If the trial court does not consider all the evidence before it, an appellate court does not sit as a reviewing court, but, in effect, becomes a trial court"). Instead, the matter should be remanded to the trial court to determine whether partial summary judgment should be granted to State Farm. *See Teeter* at ¶38.

{¶31} State Farm's first assignment of error has merit.

{¶32} Based on the foregoing, the trial court's denial of State Farm's motion for partial summary judgment is reversed and the matter is remanded for further proceedings.

TIMOTHY P. CANNON, P.J.,

CYNTHIA WESTCOTT RICE, J.,

concur.